## Williams v. Callan

*William R. Cooper*, for plaintiffs.

*High, Swartz, Childs & Roberts*, for defendant.

DANNEHOWER, J., November 10, 1955.—To plaintiffs' complaint in assumpsit defendant filed preliminary objections challenging the legality of the service of process. Defendant was served in Philadelphia County by the sheriff of Philadelphia County who was deputized by the sheriff of Montgomery County.

Pennsylvania R. C. P. 1006, relating to venue and process in action of assumpsit, provides:

"(a) Except as otherwise provided by subdivision (b) of this rule, an action against an individual may be brought in and only in a county in which he may be served.

"(b) Actions against the following defendants may be brought in and only in the counties designated by the following rules: defendants who are non-residents or conceal their whereabouts, Rule 2078. . . ."

An action in assumpsit against a defendant individually can only be brought in a county in which he may be served, except where he is a nonresident, or where he conceals his whereabouts. By "non-resident" is meant one who is domiciled outside the State. Here defendant is not a nonresident, nor has he concealed his whereabouts, as he was served in Philadelphia County where he resides. Hence it would follow, defendant having been served outside this county, the service by deputization is unauthorized and illegal and therefore must be set aside. This was so held in Kepner v. Pennsylvania Thresherman Farmers' Mutual Casualty Insurance Company et al., 70 D. & C.

398 (1949), where the factual situation was identical to the one now before the court for decision.

Counsel for plaintiff contends however that the above decision should not be controlling here, in that defendant had allegedly submitted himself to the court's jurisdiction.

To explain plaintiffs' argument it is necessary to go into the factual background which led up to the present controversy.

In April 1953, plaintiffs contracted with defendant for the installation of two dormer windows on plaintiffs' dwelling. Collateral to this agreement was the execution by plaintiffs of a judgment note to the order of defendant. Upon delivery of the note defendant assigned it to the First National Bank of Philadelphia. Plaintiffs refused to pay the regular installments demanded by the bank and finally the bank was persuaded to sell the note back to defendant. In July 1953, defendant entered judgment upon a confession in the note with the prothonotary in Montgomery County. Plaintiffs thereafter filed a motion to open judgment, but due to delays the matter was never brought to argument. Finally, in August 1955, plaintiffs filed their suit in assumpsit for damages arising out of an alleged breach of the contract originally entered into between the parties.

Plaintiffs contend and argue that the act of defendant in entering judgment in this county on the note operated to invest this court with jurisdiction over defendant in the subsequent action on the contract. Plaintiffs' position is that R. C. P. 1006 does not apply because defendant has voluntarily submitted himself to the court's jurisdiction. Plaintiffs further rely on the principle enunciated in Commonwealth ex rel. Milne v. Milne, 149 Pa. Superior Ct. 100, where it was stated that once a court has acquired jurisdic-

tion over a party, a rule which is merely ancillary may be served upon defendant by any adult person.

We are unable to find any merit in plaintiffs' argument. To begin with, we do not agree that the suit in assumpsit is ancillary to the action of defendant in entering judgment on the note. It is true that once a court takes jurisdiction over the subject matter that it has the authority to do all things within the scope of its jurisdiction. It may take cognizance of questions which are ancillary or incidental to the main action, but it may not clothe itself with jurisdiction where it is not endowed with it. In the instant case the act of defendant in entering judgment on the note and the act of plaintiffs in bringing an action in assumpsit are two distinct and independent legal actions. We are unable to see how the two can be confounded or how one is ancillary or auxiliary to the other. The case of Commonwealth ex rel. Milne v. Milne, supra, relied on by plaintiffs, is distinct from, and has no bearing upon, the present controversy. There the court had acquired jurisdiction over the parties in a proceeding for support and maintenance and thereafter continued to assume jurisdiction on the wife's petition to increase the order of support. The present controversy is unlike the Milne case for here the court never acquired jurisdiction over defendant in the action which was brought against him.

We, therefore, decide that the deputized service upon defendant in Philadelphia County was illegal and unauthorized and that accordingly this court has not legally acquired jurisdiction over defendant.

### Order

And now, November 10, 1955, for the foregoing reasons, the preliminary objections to plaintiffs' complaint are sustained, and the purported service upon defendant is illegal and set aside.