## Commonwealth ex rel. Klee v. Devlin

*Edward C. Boyle*, District Attorney, and *S. Donald Wiley*, Assistant District Attorney, for Commonwealth.

*J. E. Kalson* and *William R. Kalson*, for petitioner.

MONTGOMERY, J., December 11, 1956.—The State of Ohio seeks extradition of Herman Klee under a criminal indictment for failure to support a minor child. This is the second time that extradition of relator has been requested on the same criminal indictment. At no. 1416, April term, 1956, relator, to avoid extradition, sought a writ of habeas corpus, and upon stipulation that he would submit to the jurisdiction of the courts of Allegheny County, in accordance with section 6 of the Uniform Support Law of May 10, 1951, P. L. 279, 62 PS §2043.6, the court, Montgomery, J., entered an order relieving relator of extradition for and during the term of his compliance with any order of support made by the courts of Pennsylvania.

Subsequently, Klee appeared in the County Court of Allegheny County and submitted himself to the jurisdiction of that court by filing a petition to reduce a previous support order which had been entered against him at no. C-520 of 1939 in that court and to adjust any arrearages thereon. A hearing was set for May 9, 1956, and due notice thereof was given to counsel for Anne Klee, the ex-wife of relator, prosecutrix in the action for nonsupport. Prosecutrix failed

to appear and the hearing was continued without an order being made.

Mr. and Mrs. Klee were divorced, remarried and divorced for the second time since the proceeding was originally instituted in the county court of this county at no. C-520 of 1939 and relator is now again married, residing with his present wife and family in Allegheny County. The child in question is now 18 years of age and resides with his mother in Ohio.

The case presents two questions, viz.:

1. Whether the order entered by the Court of Common Pleas of Allegheny County at no. 1416, April term, 1956, precludes the present proceeding.

2. Whether section 6 of the Uniform Support Law excuses relator from extradition since he submitted himself to the jurisdiction of the county court of this county which has general jurisdiction over nonsupport matters in Allegheny County.

The first question must be answered in the negative because a hearing on habeas corpus does not go to the merits of the case (Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, sec. 20, 19 PS §191.20), and the Governor has the right to issue additional warrants whenever he deems it proper: idem., sec. 21, 19 PS §191.21. Also see section 6 of the Uniform Support Law of 1951, P. L. 279, as amended, 62 PS §2043.1 et seq.[1], providing that a person is relieved of extradition only during the period he complies with an order of the proper court of the responding State. This implies that upon failure to comply, additional extradition proceedings may be instituted to compel his return to the demanding State.

---

[1] Section 6: "Any obligor contemplated by section 5 who submits to the jurisdiction of the court of such other state and complies with the court's order of support shall be relieved of extradition for desertion or nonsupport entered in the courts of this State during the period of such compliance."

The second question must be answered in the affirmative. If any significance is to be given to section 6 of the Act of 1951, P. L. 279, as amended, relator must be given an opportunity to submit to the jurisdiction of the proper court of the responding State before his extradition may be compelled. The same provision applies in the Ohio statute. See Memorandum Opinion of Attorney General of Ohio.[2]

Relator has taken the necessary steps to comply with that provision. He has presented himself to the county court which has jurisdiction of nonsupport cases and has asked that an appropriate order be made. The fact that his former wife refused to appear at the hearing of which she had notice should not have the effect of nullifying the statute and depriving him of the rights given by it. Moreover, the act provides that the district attorney shall represent plaintiff in any civil proceeding under the act: 62 PS §2043.11. Regardless, he still remains subject to that jurisdiction and awaits the making of an appropriate order with which he should be given an opportunity to comply. If he does not so comply, his extradition may then be ordered to Ohio to answer for the crime charged against him there.

---

[2] Extradition—Person requisitioned for nonsupport: "A person for whom an extradition requisition has been received by the Governor of Ohio from a state which has enacted the Uniform Dependent's Act, asking for the person's return from the demanding state for desertion or nonsupport, must be relieved of extradition under section 6 of the Act, where such person submits to a court of record in this state and complies with the Court's order of support; such court cannot, however, obtain jurisdiction to make such order of support otherwise than in the manner designated in g. e. §§8007-10, 8007-11 and 8007-12; and where there has been no compliance with the provisions of these sections an obligor may not be relieved of extradition by a mere offer to submit to the jurisdiction of the court of the responding state": No. 3009, August 31, 1953, 52 Ohio Opinions 496.

We differ completely with the majority opinion in the case of In re Floyd, 43 Cal. 2d 379, 273 P. 2d 820, cited by counsel for Mrs. Klee which holds that the selection of the forum lies with the demanding State and the obligee. Under the statutes we are considering that right of selection lies with the obligor as expressed in the minority opinion in that case.

Counsel for Mrs. Klee argues that relator has no means of submitting himself to the jurisdiction of the county court. This question need not be answered in the present case because that court acquired jurisdiction in 1939 and once acquiring it did not lose it although the parties may have considered the case abandoned since they changed their status several times by divorce, remarriage and divorce: Commonwealth ex rel. Milne; 149 Pa. Superior Ct. 100. However, we do not consider this fact as necessarily depriving relator of the right given by the statute to presently submit to the making of a new order adjusting his arrearages, if any, in the light of changing conditions under the Act of June 19, 1939, P. L. 440, 17 PS §263, giving that court that right, and the establishment of a new order for the future, as a means of avoiding extradition.

Even though there had been no prior proceeding in the county court, we are in accord with the writer of the minority opinion in the Floyd case that the court would not be powerless to devise a fair and appropriate procedure.

In the brief of the district attorney, it is argued that section 6 aforesaid may not be resorted to because the Ohio proceeding is criminal and not under the Uniform Support Law. The argument is not tenable in our opinion because section 6 is specifically applied to criminal enforcement of the nonsupport laws and not to civil enforcements under the Uniform Support Law or any other civil proceeding.

The Attorney General of Pennsylvania appears to have adopted the same viewpoint as expressed herein. See copy of his letter sent to the attorney for Mrs. Klee.[3]

---

[3]                                      June 27, 1956

Ruth F. Cooper, Esquire
700 Jones Law Building Annex
Pittsburgh 19, Pennsylvania
Dear Miss Cooper:

I have before me your letter of June 19, 1956, with reference to the proposed extradition of one, Herman Klee to the State of Ohio where he stands charged with the crime of non-support. I further understand that the question before Judge Montgomery is whether Mr. Klee can abate extradition by submitting himself to the jurisdiction of the Allegheny County Court under authority of the Ohio law, which is similar to Section 6 of the Act of May 10, 1951, P. L. 279, 62 P.S. Section 2043.5.

This office has never issued an opinion on the subject. However, in the case of Commonwealth ex rel. Camesi v. Dye, No. 467 October Term, 1955 C (Judge Duff, Common Pleas, Allegheny County), the same question was presented.

In that case, both the Attorney General and the then District Attorney took the position that Section 6 may be invoked to abate extradition. Judge Duff agreed. The position of the Attorney General in this case is the same, notwithstanding the decision of the Supreme Court of California.

The reasons for the Attorney General's position are as follows:

1. Since we firmly believe that the act was intended to reduce the welfare burden of each state and to secure compliance with support duties, it strikes us as ridiculous to extradite a person—many times the head of a second household—from the state in which he resides and earns his livelihood—to a state wherein he has no means of raising money to pay support.

It is true that Mr. Klee is charged with a crime in a demanding state. However, experience has shown that in far too many cases the criminal charge is filed only for the purpose of forcing a husband or father to agree to a better settlement than a court would require if civil proceedings were instituted.

2. Where extradition is granted in such cases and the man is without ample funds, the final result can only be additional expense to each state without securing compliance with the order. The demanding state must pay transportation charges of the prisoner, his maintenance in prison and will still continue to pay for the support of the family dependent or dependents residing in such state.

A writ of habeas corpus will, therefore, be allowed and relator relieved of extradition until such time as he may fail to comply with any order that may be made by the county court of this county in the proceeding now pending there.

## Order

And now, December 11, 1956, it is hereby ordered, adjudged and decreed that relator, Herman Klee, is hereby relieved of extradition to the State of Ohio upon a warrant for requisition issued by the Governor of the State of Ohio upon a charge of failure to support, for and during the term of his compliance with any order of support made by the courts of the Commonwealth of Pennsylvania.

Eo die exception noted to defendant and bill sealed.

---

Meanwhile, the family of such person who remains in the habitat state also becomes, in many cases, a public charge.

3. It is precisely the above situation which we believe Section 6 was intended to correct. If the person required to pay support submits himself to the jurisdiction of a support court in his habitat state and faithfully complies with the order entered by such court, we submit that everybody is better off.

It is, therefore, our position that in the Klee case if he has submitted himself to the jurisdiction of the Allegheny County Court, Judge Montgomery should enter an order staying execution of the Governor's warrant of extradition upon condition that Mr. Klee comply with the order entered by the Allegheny County Court. If at any time in the future he should not pay the order, proceedings should be brought before Judge Montgomery to vacate the stay of execution and the warrant for extradition would then become effective.

I am taking the liberty of forwarding copies of this letter to Judge Montgomery and to Donald Wiley, Esquire, Assistant District Attorney.

Yours very truly,

/s/ FRANK P. LAWLEY, Jr.

Frank P. Lawley, Jr.

FPL:cg                                     Deputy Attorney General

cc: Honorable Harry M. Montgomery
    Pittsburgh, Pennsylvania
    Donald Wiley, Esquire,
    Assistant District Attorney