## Commonwealth v. Boyce

*Victor J. Roberts*, for petitioner.

*Paul A. Davis*, for respondent.

QUINLAN, J., December 3, 1962.—This matter is now before us upon defendant's petition to vacate the order for the support of his minor child which has been in effect since May 28, 1959.

Defendant, William Boyce, and prosecutrix, Jean Boyce Daniels, were married in June of 1954. One child, Jocelyn Boyce, was born of this marriage on January 16, 1956. The parties were subsequently divorced in Mexico and prosecutrix then married one Forrest Daniels. On May 28, 1959, while defendant was residing and working in Pennsylvania, and prosecutrix and her child residing in New York, this court entered an order requiring him to pay the sum of $50 per week for the support of his said daughter.

Since the time of the original hearing and order, the circumstances have changed in that defendant no longer is a resident of Pennsylvania but has taken up

residence in New York City, New York. Prosecutrix, now remarried, resides along with her husband and the minor child, Jocelyn Boyce, in Greenwich, Connecticut. Therefore, in the present situation none of the interested parties are any longer residents of this Commonwealth. For this reason, defendant has filed the present petition to vacate the order in this Commonwealth, thereby requiring prosecutrix to seek an order against defendant for the support of this minor child in the State of New York.

The issue raised in defendant's petition presents a most unique and difficult problem. This court now has before it an order for the support of a child residing in another State and against a defendant who no longer has any ties with this Commonwealth. There appears to be no basis in reason why such a situation should continue. Any proceeding before this court means considerable expense to both parties. Any action desired to be taken by either party requires the presence of both parties. To the defendant, who is a doctor, it is more than an inconvenience. Any proceeding in this matter may require him to leave his practice for a day or more in order to make the trip into Pennsylvania to be present here. We do not believe that the continuation of the order in this State would serve the interest of either party.

It should be noted that while the order remains in effect in this court, effective enforcement thereof cannot be had. Before enforcement can be obtained in New York, proceedings under the Uniform Reciprocal Enforcement of Support Law must be instituted. This remedy is not expedient and is in many respects unsatisfactory. The other alternative would be to obtain a judgment only for the amount of the arrearages in the common pleas court of this county and then to seek enforcement of that judgment in New York. This, needless to say, is cumbersome and inefficient.

Our research on this subject discloses no appellate court cases in which the precise issue now before us was decided. Counsel for the prosecutrix cites Commonwealth ex rel. Milne v. Milne, 149 Pa. Superior Ct. 100 (1942), as authority for the proposition that the court cannot vacate a support order on the grounds of the changed residence of any or all of the parties interested in the action. The Milne case, as decided by the Superior Court in the above citation, does not stand for that proposition. The only jurisdictional question decided by the Superior Court in the Milne case was that concerning the validity of the notice of a petition to increase a support order, which notice was sent to the defendant in Washington, D. C., by mail. The court upheld the validity of such notice but it did not decide that a court order could not be vacated because of the changed residences of *all* the parties to the action.

While it is true that in an earlier phase of the Milne case, the Municipal Court of Philadelphia denied the defendant father's petition to vacate on the grounds that all of the parties involved were no longer residents of this Commonwealth, the order appears to have been without an opinion and this court has no way of determining what weight as precedent should be given to such a decision. The order was not appealed.

We, therefore, conclude that in the interest of justice and expediency, this court should vacate the order against defendant for the support of his minor child. However, in order that no period should occur during which the child will be without the protection of a support order, this court will not vacate the order until the expiration of three months so that an order may be obtained in the courts of New York.

## Order

And now, December 3, 1962, for the foregoing reason, defendant's petition to vacate the order for the support

of his minor child, Jocelyn Boyce, is granted and it is ordered that said support order shall be vacated in this court on March 3, 1963.