## Bowerman v. Tomhave

*Jack E. Feinberg*, for plaintiff.
*A. Grant Sprecher*, for defendant Tomhave.
*Murray S. Levin*, for defendant Ortho.

GUARINO, *J.*, December 7, 1978—This is a request for change of venue on the ground of forum non conveniens. In its pertinent part, subsection (d) of Pa.R.C.P. 1006 provides: "For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought . . . "

Both petitioner and respondent rely heavily on the Federal decisional law on the subject of change of venue on the ground of forum non conveniens. We, however, while paying due deference to these decisions, are careful to point out that the problems encountered in the Federal judicial system are much different that those encountered within the state judicial system. The inconveniences of large distances, the problem of producing and obtaining witnesses and the costs involved are not nearly so

great in the state as they are in the Federal system. Where a forum in the Federal system is inaccessible to one of the parties, or accessible only at prohibitive cost, it is not inconceivable that a denial of a transfer to a more convenient forum can constitute denial of due process. See International Shoe Co. v. State of Washington, 326 U.S. 310 (1945). Because, intrastate, the distance between forums is not so great, the likelihood for violation of due process is greatly diminished.

A transfer of an action by a county court to another court within the state in connection with intrastate litigation does not involve Federal due process: U.S. Cold Storage Corp. v. Philadelphia, 431 Pa. 411, 246 A. 2d 386 (1968).

In applying the equitable standards of transfers of cases from one venue or county to another, the right of the plaintiff to choose his own forum is of paramount consideration: Walker v. Ohio River Co., 416 Pa. 149, 205 A. 2d 43 (1964). A plaintiff's choice of forum is not to be disturbed except for weighty reasons: Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., 358 F. Supp. 441 (E.D. Pa. 1973). The burden is on the party requesting the transfer. Unless the balance is strongly in favor of the moving party, plaintiff's choice will not be disturbed. In an equitable stand-off between the parties, plaintiff's choice of venue shall prevail.

On October 27, 1977, plaintiffs filed a complaint in this court alleging a cause of action which arose in Cambria County out of the use of an intrauterine device by wife-plaintiff. The complaint names as defendants Ortho Pharmaceutical Corp., the manufacturers of the product, and Robert H. Tomhave, M.D., who had placed the intrauterine device in the wife-plaintiff. Ortho Pharmaceutical Corp. is a

New Jersey corporation registered to do business in Pennsylvania, with a place of business in Philadelphia. Doctor Robert H. Tomhave is and was at all times a resident of the City of Johnstown in Cambria County, Pennsylvania. At the time the cause of action arose, plaintiffs, husband and wife, were also residents of Cambria County, Pennsylvania. At the time the complaint was filed, they had separated, the husband had moved to Altoona, Pennsylvania. Service was effected on the corporate-defendant pursuant to Pa.R.C.P. 2180(a).[1] Service on the doctor-defendant was achieved by deputizing the sheriff of Cambria County pursuant to Pa.R.C.P. 1043.[2]

On March 8, 1976, the court denied defendant-doctor's similar application for change of venue. It is contended that this second request is warranted because subsequent thereto this court granted a motion for summary judgment in favor of the corporate-defendant, who was the sole basis for venue in the Philadelphia Common Pleas Court.

Once a court has acquired jurisdiction over the

---

1. Rule 2180. "(a) Service of process within the county in which the action is instituted shall be made upon a corporation . . . by the sheriff of that county by handing a copy thereof . . . (1) to an executive officer, partner or trustee of the corporation . . .; or (2) to an agent . . . in charge of . . . any office or usual place of business of the corporation . . .; or (3) to an agent, authorized by appointment to receive service of process; or by delivering [a] . . . copy thereof in the manner provided by law to a statutory agent authorized to receive service of process."

2. Rule 1043. "When an action against a defendant is commenced. . . in any. . . county authorized by law, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."

parties, that jurisdiction continues until the cause is fully and completely determined as to all parties: Whitmer v. Whitmer, 243 Pa. Superior Ct. 462, 365 A. 2d 1316 (1976), cert. denied, 454 U.S. 822 (1977); Com. ex rel. Milne v. Milne, 149 Pa. Superior Ct. 100, 26 A. 2d 207 (1942). Thus, a judgment in favor of the party who was the basis for venue of jurisdiction of the court over other parties-defendants does not ipso facto oust the jurisdiction of that court. The removal, however, of such a party is such a change in circumstances which would warrant a reexamination of the equitable criteria upon which a change of venue depends.

Depositions have not been filed. The parties have elected to proceed on petition and answer. In such a case, all the material averments of the petition that have been traversed in the answer are deemed to be true: Pa.R.C.P. 209; Hunt v. Thompson, 1 PICO 127, 128 (1977); Norwich Pharmacal Company v. Clement, 1 PICO 129, 130 (and cases cited therein) (1977). The facts that appear in this perspective are that the wife-plaintiff now makes her home in Georgia. For her, Philadelphia is more easily accessible than Cambria County. She can travel here by air and be within minutes of the court house. The expert witnesses, upon which she relies to sustain her cause of action are located in Philadelphia. In the face of these facts, defendant's mere allegation that Cambria County has less of a backlog of cases and that the case may be reached sooner, and that Cambria County is more convenient to him and his witnesses and less costly to him in time and money is unavailing. Even if established as a fact that a change of venue would be more convenient to the petitioner alone, it would not justify a transfer: Tarasi v. Settino, 223 Pa. Superior Ct. 158, 298

A. 2d 903 (1972). To prevail, the party having the burden of proof must not only show inconvenience to himself, he must also show that the forum change will also be more convenient to his opponent. His burden is even greater where his opponent is the plaintiff who has the right to preempt the forum. Unless the balance is strongly in favor of the moving party and also more convenient to plaintiff, the right of plaintiff to his choice of forum should not be disturbed.

Petitioner's argument that the Common Pleas Court of Philadelphia lacks subpoena to compel attendance of witnesses outside the 100-mile area is specious and unfounded. Even if we were to assume this to be true, we would not solve the dilemma by transferring this case to the Common Pleas Court of Cambria County. The Common Pleas Court of Cambria County has the same power and jurisdiction as the Common Pleas Court of Philadelphia County. The Rules of Civil Procedure apply and govern the procedure of all of the 59 Common Pleas Courts of Pennsylvania.

Unlike the Federal rules where the subpoena is limited to witnesses within the district and 100 miles beyond, F.R.C.P. 45(e)(1), the Pennsylvania procedure has no such limitation. See Pa.R.C.P. 233, 234 and 1357. Under Pennsylvania Rules of Civil Procedure compulsory process to depose witnesses may issue either out of the court where the action is pending or the court where the depositions are taken: Pa.R.C.P. 4018.[3] The 100-mile limita-

---

3. Rule 4018. "Upon request of the person before whom the deposition is to be taken or a party, the court in which the action is pending or the court of common pleas of the county within this Commonwealth in which the deposition is to be taken shall issue a subpoena to testify."

tion applies only to the deposing of an aged, infirm or going witness and even this rule can be relaxed by the court: Pa.R.C.P. 4003; 10 Goodrich-Amram 2d, §4003:1.

Accordingly on the basis of this record and under the facts and the law, we are compelled to deny defendant's motion for change of venue.