365 A.2d 1316

**Dawn A. WHITMER, Appellant,**

**v.**

**Edward H. WHITMER, Appellee (two cases).**

Superior Court of Pennsylvania.

Argued April 15, 1976.

Decided Nov. 22, 1976.

Application for Allocatur Denied Feb. 15, 1977.

464

Robert J. Trageser, Pittsburgh, for appellant.

Richard C. Witt, Jones, Gregg, Creehan & Gerace, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge.

Appellant brings this action for partition of jointly owned personal property located in Pennsylvania. Her claim to the property rests upon a judgment awarding

her this property interest as "lump sum alimony" in a Florida divorce action. Appellee's defense is a collateral attack on the Florida judgment as having been entered without due process of law and without jurisdiction over the Pennsylvania property.

The parties were married in Pennsylvania in 1946 and lived in this state until 1971 when appellant moved to Florida and established her domicile there. Appellee resides in Pennsylvania.

On December 11, 1972, appellant filed a complaint for dissolution of her marriage to appellee in the Twentieth Judicial Circuit Court in and for Lee County, Florida, demanding inter alia the adjudication of her rights in the stock and assets of Edward H. Whitmer Co., an unincorporated sole proprietorship owned by appellee, engaged in the rental of heavy equipment, principally cranes, and located in Pennsylvania.

Appellee was personally served with notice of the Florida suit, retained counsel who entered a general appearance on his behalf and entered into a contest of the merits of the case. Appellee's counsel accepted service of all pleadings filed thereafter.

On February 2, 1973, a motion was filed by appellant in the Florida court to appoint a receiver for appellee's interest in the business located in Pennsylvania. On March 5, 1973, a stipulation and trust agreement was signed by both parties and their counsel and filed with the Florida court wherein William Creehan, Esquire, of the Allegheny County Bar, was named as Trustee to sell the assets of the business and distribute the proceeds as the parties might further agree or as the court might order. The Florida court never acted upon this agreement nor did the Trustee ever take possession of the Pennsylvania assets.

On March 14, 1973, the Florida court ordered appellee to make certain payments to appellant as temporary ali-

mony and child support. This order was ignored by appellee and on June 25, 1973, he was adjudged in contempt of court and an order entered for his commitment in jail for a period of 6 months unless he purged himself of his contempt. Appellee stayed out of the state of Florida and was not apprehended.

On April 13, 1973, appellant filed interrogatories and a notice to appellee to produce certain records appertaining to his Pennsylvania business. Appellee failed to produce the required records and his answers to the interrogatories were found by the Florida court to be unresponsive.

On August 29, 1973, appellee's counsel petitioned the Florida court for authority to withdraw as counsel. The petition was set for hearing on September 10, 1973, but no order was entered in the matter. The parties are in dispute as to whether appellee's counsel continued to represent him after September 10.

On September 11, 1973, the Florida court, on the basis of a finding that appellee had failed to comply with its earlier order directing the production of documents and answers to interrogatories, entered an order directing (1) that all pleadings theretofore filed by appellee be stricken and declared null and void; (2) that a default judgment be entered against appellee in favor of appellant; and (3) that appellant proceed to final judgment ex parte without further notice to appellee.

On September 27, 1973, a final hearing was held, of which appellee was notified by mail by counsel for both parties. Neither appellee nor his counsel was present at the hearing.

On October 1, 1973, a final judgment was entered by the Florida court. The judgment dissolved the marriage of appellant and appellee; awarded custody of a minor child to appellant; awarded appellant all right, title and interest in and to all property owned by the parties in

the state of Florida, as more particularly described in the judgment; and, finally, awarded to appellant an undivided one-half interest in the assets of Edward H. Whitmer Co. located in Pennsylvania. The Florida court purported to make a conveyance of this Pennsylvania property to appellant by the terms of its judgment. This portion of the Florida judgment read as follows:

"4. As and for the remainder of the lump sum alimony the Petitioner is awarded all right title and interest in and to an undivided one-half interest of all assets not referred to in paragraph 3 owned by Respondent in his sole name or jointly with any other person including without limitation the business known as the EDWARD H. WHITMER CO., located in Pennsylvania and any successor thereto formed subsequent to February 6, 1973, whether the business be operated as a sole proprietorship, partnership or corporation together with all of the assets of said business including without limitation the following:

4000 Manitowoc Crane

3900 Model M 100 Ton Manitowoc Crane

3900 Model M 65 Ton Manitowoc Crane

PH 666 Truck Crane

Gallion Truck Crane

Cash

"In the event the business or any part thereof or any of the assets of the business have been sold subsequent to the institution of this course of action on December 11, 1972 and the proceeds from such sale have been used for any other purpose other than to pay the valid debts and operating expenses of the business then in that event the Petitioner is awarded an undivided one-half interest in and to the said proceeds and any security therefore. This judgment shall act as a conveyance to the Petitioner of the property awarded to her in this Paragraph 4." (Underscoring added)

Appellee did not appeal the Florida judgment nor take exceptions to it in the Circuit Court which entered it.

On December 13, 1973, appellant brought this action for the appointment of a trustee to sell the assets of the Edward H. Whitmer Co. and partition the proceeds pursuant to the Act of April 27, 1927, 12 P.S. 1791. That statute is applicable by its terms "whenever personal property is owned jointly, by persons who are not partners, or are not husband and wife, and any one of such persons desires to dispose of his or her right, title, and interest in said personal property, and cannot arrive at a satisfactory arrangement with the other owner or owners of such personal property for the disposition of such personal property . . ."

Appellee contests such a sale and partition of his Pennsylvania property on two grounds: (1) that the Florida judgment should not be recognized in Pennsylvania because he was denied due process of law in the Florida proceedings; and (2) that the Florida court had no jurisdiction over the Pennsylvania property in which it purported to convey to appellant an undivided one-half interest.

The first contention is without merit. If appellee was denied due process of law in the Florida court, his remedy was in that jurisdiction, either by further proceedings before that court or by appeal. The Florida judgment is not subject to collateral attack in Pennsylvania. The Florida court had jurisdiction over both parties. Appellant initiated the Florida action and resided in that state while appellee entered a personal appearance and contested the litigation.

The jurisdiction of the Florida court was not lost by the court's action in striking appellee's pleadings and proceeding ex parte or by the withdrawal of appellee's counsel, actual or threatened. Once jurisdiction has attached it exists for all times until the cause is fully and

completely determined: *Michigan Trust Co. v. Ferry,* 228 U.S. 346, 353, 33 S.Ct. 550, 57 L.Ed. 867 (1913); *Commonwealth ex rel. Milne v. Milne,* 149 Pa.Super. 100, 104, 26 A.2d 207 (1942).

We conclude that the Florida court had jurisdiction over the parties at all stages of the proceedings and that its judgment is entitled to full faith and credit in the courts of Pennsylvania: *Johnson v. Muelberger,* 340 U.S. 581, 587, 71 S.Ct. 474, 95 L.Ed. 552 (1951); *Harrison v. Harrison,* 183 Pa.Super. 562, 568–71, 133 A.2d 870 (1957).

However, the jurisdiction of the Florida court over the person of appellee did not give it jurisdiction in rem over his property located outside the state of Florida. The basis of jurisdiction over property is the presence of the subject property within the territorial jurisdiction of the forum state: *Hanson v. Denckla,* 357 U.S. 235, 246, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958); *Overby v. Gordon,* 177 U.S. 214, 222, 20 S.Ct. 603, 44 L.Ed. 741 (1900); *Rose v. Himely,* 4 Cranch (8 U.S.) 241, 277, 2 L.Ed. 608 (1808). Plainly it was beyond the jurisdiction of the Florida court to make a conveyance to appellant of a one-half interest in appellee's Pennsylvania property.

Having personal jurisdiction over appellee, the Florida court might have ordered appellee to convey a one-half interest in his Pennsylvania property to appellant and, if necessary, enforce its order by contempt proceedings. Presumably it did not do so because appellee was not physically to be found within the state of Florida. The court might also have followed through on the stipulation at one time in effect whereby appellee was to convey the Pennsylvania assets to a trustee who would hold them subject to the order of the court. For some unexplained reason, this stipulation was never acted upon.

But instead of acting through the appellee over whom it had jurisdiction, the Florida court elected to proceed in rem against the Pennsylvania property by purporting to make a conveyance of a one-half interest in it to appellant. This was beyond its power as ruled in *Hanson* and numerous other cases. Its purported conveyance was a nullity and cannot be given full faith and credit by a Pennsylvania court.

Such being the case, there is no basis on which to invoke the Pennsylvania statute governing the partition of jointly owned personal property because, absent the purported conveyance by the Florida court, the Pennsylvania property is not jointly owned.

■ There are two appeals in this case as a result of a procedural difficulty in the court below. Appellant filed exceptions to the dismissal of her motion for the appointment of a trustee and these exceptions were dismissed by the court en banc on the ground that her recourse was by appeal to this court rather than by exceptions filed in the lower court under either Rule 1038 or 1518. She has appealed from the dismissal of her exceptions by the court en banc. Subsequently, appellant was granted the right to appeal nunc pro tunc from the denial of her motion for the appointment of a trustee. Consequently, the procedural question has become moot in this case. If the ruling of the court en banc was an error, correction lies in a clarification of the rules.

In No. 688, the order of the trial court dismissing appellant's petition for the appointment of a trustee to partition jointly held personal property is affirmed. In No. 622, the appeal from the order of the court en banc dismissing appellant's exceptions is dismissed as moot.

SPAETH, J., files a concurring opinion.

PRICE, J., dissents.

SPAETH, Judge (concurring).

I agree with the majority's disposition of this case but I believe we should say explicitly that that disposition is without prejudice to appellant's right to seek a reformation of the judgment so that it could be enforced in Pennsylvania.