Sally Lee SIMON

v.

Charles F. SIMON.

Civ. A. No. 78–2100.

United States District Court,
E. D. Pennsylvania.

April 17, 1979.

---

Michael H. Egnal and John D. Egnal, Philadelphia, Pa., for plaintiff.

Charles V. Stoelker, Jr., Philadelphia, Pa., for defendant.

## OPINION

DITTER, District Judge.

Plaintiff is asserting claims to various parcels of real property located in Pennsylvania. An injunction issued by a Florida court prohibits her from maintaining suits to adjudicate those claims. She brought the present action under the civil rights laws, 42 U.S.C. §§ 1983 and 1988, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, as well as the due process and full faith and credit clauses of the United States Constitution. The relief sought includes a preliminary injunction restraining the defendant from invoking the Florida injunction; a declaration of the plaintiff's right to have her property claims adjudicated; and either a declaration of the rights of the parties to the property in question, or an order allowing plaintiff to litigate the merits of her claims in the courts of the Commonwealth of Pennsylvania.

Presently before me is the defendant's motion to dismiss the complaint, or in the alternative, to transfer the action to the United States District Court for the Southern District of Florida. After considering the briefs and the able arguments of counsel, I conclude that the complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

## FACTS

Plaintiff and defendant were married in 1947 and thereafter lived in Florida. By 1969, they had become the owners of various Philadelphia properties, the present aggregate value of which exceeds $4,000,-000. The complaint alleges that defendant wrongfully divested plaintiff of her interest in this real estate by forgeries and fraudulent conveyances.

In 1968 plaintiff sued defendant for divorce in the Circuit Court of Dade County, Florida. Defendant filed a counterclaim for divorce in 1970. In late 1971, plaintiff brought several actions in the Court of Common Pleas of Philadelphia against the defendant and others seeking to recover her interest in the Pennsylvania real estate. Thereafter, defendant sought to amend his counterclaim in the Florida divorce action in order to include the issue of the parties' rights to the disputed Pennsylvania properties. Plaintiff opposed the amendment on the ground that these property issues were already being litigated in the Pennsylvania courts.

The Florida court denied the motion to amend on the ground that it was untimely, and on March 20, 1972, entered a final judgment dissolving the marriage, partitioning the parties' Florida residence, and providing for custody of their minor children. The decree, entered on defendant-husband's counterclaim, also referred to the fact that "the Husband is the owner of a number of properties . . . in Philadelphia, Pa. . . . ," noting that these properties produced actual income in excess of $20,000. per year, together with a gross annual "throw-off" of $120,000. There was no reference to any other source of income for either party. See Complaint, Ex. B, Final Judgment Dissolving Marriage. The

decree then went on to order the husband to make alimony and child support payments totalling $1,575. per month, to provide for the education of the child entrusted to the custody of the wife, and to satisfy the outstanding mortgage indebtedness of $35,000. on the family residence from his share of the sale proceeds.

Unfortunately, this final judgment of divorce marked only the beginning, rather than the end of the parties' litigation. On October 24, 1972, the husband, defendant herein, brought an action in the Florida Circuit Court seeking to enjoin the wife from proceeding with the suits she had earlier brought in Pennsylvania to recover her interest in the Philadelphia real estate. The case was assigned to the same judge who had presided over the divorce proceedings. He denied the injunction on the ground that the issue of the parties' rights to the Pennsylvania property had not been before him in the matrimonial action, but this decision was reversed by the District Court of Appeal of Florida. The appellate court noted first that by operation of law in Florida, a final judgment dissolving a marriage settles all property rights of the parties. Moreover, the court stated that "[a]fter a close reading of the final judgment of dissolution," it was clear that the amount of alimony awarded to the wife "was predicated upon the court's finding that appellant [husband-defendant herein] owned the Philadelphia properties and the annual income he derived therefrom." *Simon v. Simon*, 293 So.2d 780, 781 (Fla.App. 1974).

On remand, the Florida Circuit Court entered an order permanently enjoining the wife from prosecuting her property actions then pending in Pennsylvania. The order was affirmed by the District Court of Appeal, 317 So.2d 83 (Fla.App.1975). The wife sought review by the Supreme Court of Florida, and finally by the Supreme Court of the United States, but both courts denied certiorari. 429 U.S. 827, 97 S.Ct. 84, 50 L.Ed.2d 90 (1976).

## MOTION TO DISMISS

The plaintiff-wife now asserts that her rights under the due process and full faith and credit clauses of the Constitution have been violated, and she seeks declaratory and injunctive relief by means of the present civil rights action. No one denies that the merits of the wife's claims to an interest in the Philadelphia property have never been heard or adjudicated in any court. The plaintiff relies heavily on this fact and vigorously contends that by prohibiting her from litigating her claims in the Pennsylvania courts, the Florida injunction violates her constitutional right to a hearing.

Defendant points out that he is being sued here as an individual person and suggests, therefore, that the claim under 42 U.S.C. § 1983 must fail for want of state action. Plaintiff's complaint, however, is directed to the allegedly unconstitutional acts of a state court and there is considerable merit to the argument that this is enough to establish the requisite state action. See *Shelly v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); *Watson v. Kenlick Coal Co.*, 498 F.2d 1183 (6th Cir. 1974). I need not reach the state action question, however, because it is clear that this case presents no claim cognizable under the civil rights laws. Although plaintiff has never had an actual hearing on the merits of her property claims, she cannot seriously suggest that she has been denied the opportunity for such a hearing. On the contrary, she could easily have included these claims in the Florida divorce action, and had she done so, the merits would have been fully adjudicated. Nevertheless, for reasons unknown to me,[1] she chose to omit the issue from her complaint, and even more significantly, she successfully opposed the efforts of the defendant to include the question in the divorce proceedings.

Plaintiff's claim that her civil rights have been violated seems particularly hollow in

---

1. At oral argument, her husband's counsel suggested that she wanted the best of both the Florida and Pennsylvania divorce worlds, that is, she wanted an award of Florida alimony based on the fact that her husband owned the Philadelphia properties and the income they produced, but then wanted to recover these properties through the courts of Pennsylvania.

light of the fact that she initiated the Florida divorce action. Although the actual decree was granted on her husband's counterclaim, by no means is Mrs. Simon in the position of a spouse who was dragged unwillingly before the divorce courts of a foreign state. On the contrary, she chose the forum, voluntarily submitted herself to it, and opposed the adjudication she now seeks. Since plaintiff was represented by counsel at all times, I must assume she was advised of the prevailing Florida law and its potential consequence but proceeded as she did in the hope of some tactical advantage.

Surely, plaintiff cannot suggest that she was unaware of her property claims' existence at the time of the divorce action. Indeed, she had already instituted suits in the Pennsylvania courts based on those claims. Similarly, she cannot assert that the Florida court was incompetent to judge the merits of the controversy effectively. Her claim to an interest in the property is not based on any subtle peculiarity of Pennsylvania law or local custom. Rather, she alleges that she was the victim of common-law fraud and forgery. A trial court in Florida could competently adjudicate such a claim as readily as could a court in the Commonwealth of Pennsylvania.

It is clear, therefore, that plaintiff was afforded a full opportunity for a hearing on the merits of her claim. An injunction prohibiting her from litigating now what she could have litigated before does not violate her constitutional right to due process. Mrs. Simon took direct appeals from the injunction order to three higher courts, all of which refused to disturb the ruling below. The present suit, though styled as an action to vindicate plaintiff's civil rights, is in fact merely another effort to seek review of the Florida injunction. Such a purpose is wholly inappropriate in a civil rights action brought before a federal court. *Meyer v. Lavelle*, 389 F.Supp. 972, 976 (E.D.Pa.1975).

Plaintiff also asserts that the Florida courts lacked subject matter jurisdiction to affect rights in Pennsylvania real property. Thus, it is contended that the Florida injunction has no jurisdictional basis and is not entitled to full faith and credit. In my view, however, plaintiff's position misstates the law.

It is true that a Florida court could not enter an order which operates directly on title to real estate located in Pennsylvania. Such an order could only be issued under the *in rem* jurisdiction of a court in the state which is the situs of the property. See *Hanson v. Denckla*, 357 U.S. 235, 246, 78 S.Ct. 1228, 1236, 2 L.Ed.2d 1283 (1958); 27B C.J.S. *Divorce* § 383 (1959). A court having *personal* jurisdiction of the interested parties, however, would be competent to order a *conveyance* of the land, wherever situated.

This important distinction was recognized in *Whitmer v. Whitmer*, 243 Pa.Super. 462, 365 A.2d 1316 (1976), cert. denied, 434 U.S. 822, 98 S.Ct. 67, 54 L.Ed.2d 79 (1977), a case which grew, like the present controversy, out of a Florida divorce action. The Florida court in *Whitmer* had entered an order granting the wife an undivided one-half interest in her husband's property located in Pennsylvania. The Pennsylvania Superior Court held that the order was a nullity since it purported to affect directly title to property situated outside the boundaries of Florida. 365 A.2d at 1319. The Superior Court then suggested a more appropriate method by which the Florida divorce court could have proceeded: "Having personal jurisdiction over appellee [husband], the Florida court might have ordered appellee to convey a one-half interest in his Pennsylvania property to appellant and, if necessary, enforce its order by contempt proceedings." 365 A.2d at 1319. Thus, instead of acting *in rem* and conveying the property directly by its own order, the Florida court should have acted through the husband, exercising its *personal* jurisdiction, and ordered him to make the conveyance. See 27B C.J.S. *Divorce*, § 383.

In the present case, if Mrs. Simon had litigated her claims in the divorce proceedings and prevailed on the merits, the Florida court could have ordered the husband to make any conveyance of the Pennsylvania

real estate that it deemed proper. Under *Whitmer*, such an order would clearly have been recognized as valid by the Pennsylvania courts, since Mr. Simon was subject to personal jurisdiction in Florida.[2]

It follows then that the injunction under which Mrs. Simon presently suffers is fully valid and entitled to recognition. The order is not an exercise of *in rem* jurisdiction and it does not purport to affect the title to property located in Pennsylvania. On the contrary, like an order to convey, the injunction merely affects the personal actions of a party to the divorce proceedings. Its basis is found in the court's *in personam* jurisdiction, to which the plaintiff-wife voluntarily submitted when she sued her husband in Florida.

■ This injunction would have been plainly valid and appropriate if the parties had litigated the property claims and the husband had prevailed on the merits. Under the principles of the res judicata doctrine, Mr. Simon would be entitled to the protection of the order, and the Florida trial court would have an interest in preserving the integrity of its judgment. Surely, these principles must apply with equal force where the plaintiff was presented with an effective opportunity to litigate her claims, and voluntarily declined it. There must, at some point, be an end to litigation. In the present case, that point has been reached.

---

**2.** In *Whitmer*, supra, the Superior Court speculated that the divorce court had not issued an order to convey because the defendant-husband was not in Florida, and was thus beyond the reach of that state's contempt proceedings. The order, therefore, would have been unenforceable. 365 A.2d at 1319. Here, by contrast, the defendant was physically present in Florida at all times, and an order to convey could have been readily enforced.