## Griffith v. Hills

*Allen A. Pechter*, for plaintiff.
*Gail Latt Koplin*, for defendant.

BORTNER, *J.*, December 31, 1984—This is an action brought in equity by Valerie M. Griffith seeking the partition and division of real property located at 905 Elmhurst Avenue, Bristol, Pa.

From October 13, 1977 to February 18, 1981, plaintiff and defendant were married. On May 11, 1979, by deed dated December 15, 1978, defendant's mother conveyed property located at 905 Elmhurst Avenue, Bristol, Pa. to plaintiff and defendant as tenants by the entireties. The property was conveyed as a gift for nominal consideration.

On or about November, 1979, prior to the time when 905 Elmhurst Avenue was ready for occupancy, the parties separated and plaintiff moved to Kansas. Subsequently, plaintiff commenced divorce proceedings in the district court of Geary County, Kansas. Defendant was properly served pursuant to Kansas statutes, but failed to appear or plead.

On February 18, 1981, the Kansas court granted a divorce to plaintiff and awarded plaintiff as "her sole and separate property free and clear of all right, claim or demand of the defendant all items of personal property presently in her possession. . . ." In its decree of divorce, the Kansas court also ordered "that the defendant shall have set over to him as his sole and separate property all items of real and/or personal property presently in his possession." At no time after the divorce decree was entered did plaintiff file objections, exceptions and/or an appeal to the divorce decree and/or the terms thereof.

While title to the property remains in the names of John L. Hills, Jr. and Valerie M. Hills (now Valerie M. Griffith), from November, 1979 to the present time only defendant and his present wife have resided at 905 Elmhurst Avenue. Plaintiff never resided on the property as she had separated from defendant shortly before the property was ready for occupancy.

The threshold issue here is whether plaintiff, who instituted a divorce proceeding in Kansas resulting in a judgment and decree for divorce which orders the dissolution of marriage and a distribution of property, may now be permitted to oppose the very adjudication which she herself procured in an attempt to attain a more advantageous judgment? It is our opinion that she should not be permitted to do so.

Plaintiff attempts to challenge the Kansas decree's distribution of property as it relates to defendant on the basis that, although the Kansas court had jurisdiction over plaintiff for purposes of divorce, it had no in rem jurisdiction over any real property located in Pennsylvania and could not directly affect the title to such property. By so arguing, plaintiff, therefore, contends that the provision in the court's

decree ordering that "defendant shall have set over to him as his sole and separate property all items of real and/or personal property presently in his possession" is a nullity and is without effect as to the 905 Elmhurst Avenue, Bristol, Pa. property.

It is true that the jurisdiction of a court over the person does not give it jurisdiction in rem over the person's property located outside the forum state. Rather, the basis of jurisdiction over property is the presence of the subject property within the territorial jurisdiction of the forum state. Hanson v. Denckla, 357 U.S. 235, 246, 78 S. Ct. 1228, 2 L. Ed. 1283 (1958); Whitmer v. Whitmer, 243 Pa. Super. 462, 365 A.2d 1316 (1976), cert. denied 434 U.S. 822 (1977). However, having personal jurisdiction over the person does give the forum court the power to order the person to convey his interest in his property located outside the forum state and, if necessary, enforce its order by contempt proceedings. Whitmer, supra at 469, 365 A.2d at 1319.

We do not, however, reach the issue of whether the Kansas court was attempting to exercise in rem jurisdiction over the Pennsylvania property or whether, as defendant argues, it was merely exercising in personam jurisdiction over plaintiff by ordering her to convey her interest in the property to defendant because we find plaintiff estopped from now challenging the Kansas decree and its ancillary terms.

A long line of Pennsylvania cases recognizes the principle, now expressed in Restatement (Second) of Conflicts of Law §74 (1969), that "[a] person may be precluded from attacking the validity of a foreign divorce decree if, under the circumstances, it would be inequitable for him to do so." See, e.g., Diamond v. Diamond, 501 Pa. 418, 461 A.2d 1227 (1983); Romanski Estate, 354 Pa. 261, 47 A.2d 233 (1946);

Rosen v. Sitner, 274 Pa. Super. 445, 418 A.2d 490 (1980); Sargent v. Sargent, 225 Pa. Super. 1, 307 A.2d 353 (1973).

The application of this estoppel principle is basically equitable and is based on the assumption that even when the divorce court lacks jurisdiction there are situations where in all fairness a particular person should not be permitted to challenge the decree. Therefore, the rule may be applied when, under the circumstances, it would be inequitable to permit a particular person to challenge the validity of a divorce decree. Such inequity may exist when the attack on the divorce is inconsistent with the earlier conduct of the attacking party or "even where the divorce has been judicially held invalid, . . . or where there was no judicial divorce at all." Clark, Estoppel Against Jurisdictional Attack on Decrees of Divorce, 70 Yale L.J. 44, 59-60 (1960).

In Diamond v. Diamond, supra, the issue was whether appellee was properly permitted to challenge the validity of his marriage to appellant on the basis of the purported invalidity of a decree of an Alabama court granting appellee a divorce from his former wife. The Supreme Court of Pennsylvania held appellee was estopped from challenging his marriage based upon the application of the equitable principle of estoppel. The court supported its application of the estoppel principle by stating "[h]ere, appellee is the party who obtained the divorce. Appellee, appellant, appellee's first wife and her second husband all have relied on the validity of the decree. Appellee waited over 10 years after he received the decree before mounting a challenge to its validity. As the master correctly concluded, it would be inequitable in these circumstances to permit appellee to contest the validity of his marriage to appel-

lant on the basis of the claimed invalidity of the Alabama decree." Id. at 422, 423, 461 A.2d at 1229.

In Romanski Estate, supra, the issue involved was whether in the distribution of an intestate's estate a widow is barred from attacking the validity of a foreign divorce which she herself procured where it was conceded that the foreign decree of divorce was invalid because of lack of jurisdiction. The Supreme Court of Pennsylvania held she was barred, again based upon estoppel principles. The court based its decision upon a doctrine adopted in Pennsylvania as early as 1929: "where a spouse invokes the jurisdiction of a foreign court he or she will not be heard to repudiate the judgment rendered in his or her favor *where only the property rights arising out of a marriage are involved. . . .*" Id. at 264, 47 A.2d at 234 (Emphasis in original).

Where the litigation relates solely to marital property rights, and does not concern subsisting marital status, the Commonwealth is not regarded as an interested party. Therefore, in purely financial disputes arising between divorced parties, the one procuring the divorce is barred from attacking the validity of a divorce which she procured. Id. at 265, 47 A.2d at 235. The court in Romanski Estate found the facts of the case related solely to property rights arising out of the marriage and held the claimant could not be permitted, solely for her own personal advantage, to attack the validity of the foreign divorce which she herself procured.

Both Diamond v. Diamond, supra, and Romanski Estate, supra, are representative of the majority of cases in Pennsylvania which deal with a party being estopped from challenging the validity of a self-procured divorce where it would be inequitable to do so. While none of the cases cited in this opinion specifically extend the application of the estoppel prin-

ciple to situations where it would also be inequitable to allow a party to challenge the validity of the ancillary terms of the divorce decree, as well, we now do so on the basis that the same equitable principles are involved.

One who initiates an out-of-state divorce proceeding of his or her own volition, thereby submitting him or herself to that court's jurisdiction, and who then subsequently obtains a divorce decree which not only orders the dissolution of the marriage but also makes a distribution of property to the parties, and who accepts such decree and all its terms without filing any objections, exceptions or an appeal to such, should not be permitted at a later time to attack the validity of the foreign decree's ancillary terms solely for her or his own personal advantage. Allowing an attack under such circumstances would contradict all principles of equity.

In determining whether it would be inequitable to allow an attack in this case on the Kansas decree and its ancillary terms, the following facts appear. Plaintiff, Valerie M. Griffith (then Valerie M. Hills) voluntarily moved to Kansas and subsequently sought a divorce and "other related relief" there. On February 18, 1981 the Kansas court granted plaintiff a divorce and also made a distribution of property to the parties. Pursuant to the terms of the decree, plaintiff was to retain whatever property was in her possession at that time as her property and defendant was to "have set over to him" as his property whatever property (real and/or personal) he had in his possession at that time. In defendant's possession on the date on which the Kansas divorce decree was executed was the property located at 905 Elmhurst Avenue, Bristol, Pa., in which he resided. Plaintiff had full knowledge of defendant's possession of this property as it had been conveyed to both

plaintiff and defendant by defendant's mother approximately six months prior to the time when the parties separated and plaintiff moved to Kansas. Yet, despite her knowledge of defendant's possession of this property, plaintiff never filed any objections, exceptions or an appeal to the Kansas decree or its terms. We interpret plaintiff's lack of action in this regard as a decision to accept and abide by the Kansas divorce decree and its ancillary terms. In fact, it was not until August, 1983, approximately two and one-half years after the Kansas decree was granted, that plaintiff, in an attempt to attain a more advantageous judgment, sought to challenge the very adjudication she herself earlier procured by lately filing a complaint in equity seeking the partition and division of the 905 Elmhurst Avenue property.

Furthermore, at all times from approximately November, 1979 to the present time, defendant has resided on the property and at no time has plaintiff ever resided there. In addition, on or about May, 1979 while the parties were still married, they secured a $12,500 home improvement loan, the proceeds of which were applied to various household improvements. Since the separation of the parties on or about November, 1979 all installment payments with respect to this loan have been made by defendant.

Under all the circumstances, we conclude that it would be inequitable to permit plaintiff to assert the invalidity of the Kansas divorce decree's ancillary property distribution terms to attain a more advantageous judgment.

For the foregoing reasons, we enter the following

## ORDER

And now, this December 31, 1984, judgment is entered in favor of defendant and against plaintiff

and plaintiff is hereby ordered to convey to defendant her one-half interest in the property located at 905 Elmhurst Avenue, Bristol, Pa., thereby relinquishing all her rights, interest and title to the property.

The prothonotary shall upon praecipe enter final judgment on the decision if no exceptions have been filed within 20 days of the notice of the filing of this decision or if a waiver in writing of the right to file exceptions signed by all parties is filed.