Iva RUSSO, Appellee,

v.

Louis Anthony RUSSO, Appellant.

Superior Court of Pennsylvania.

Argued June 4, 1998.

Filed July 29, 1998.

Myron R. Sainovich, Pittsburgh, for appellant.

Gretchen S. Reed, Beaver, for appellee.

Before FORD ELLIOTT, EAKIN and BECK, JJ.

BECK, Judge.

The issue is whether the order of the trial court was an exercise of its *in rem* or *in personam* jurisdiction. The order, entered in the context of the parties' divorce action, directed the parties to sell real property outside of the Commonwealth of Pennsylvania and prescribed the distribution of the proceeds from the sale. We conclude the order implicated the court's *in personam* jurisdiction, and affirm the trial court.

Appellant-husband appeals from that portion of the trial court's final order of equitable distribution which directed the parties to sell their vacation home located in Ohio and prescribed how the proceeds from the sale should be divided between them. Specifically, the court ordered the parties to place the vacation home on the market, to be "listed for $110,000. The first $86,500 of the net proceeds is awarded to Wife. Proceeds in excess thereof, if any, are divided among Husband and Wife equally." Order and Final Decree, 12/3/97, at Paragraph 1.b.

Husband concedes that 23 Pa.C.S. § 3104(a)(1) provides that in cases of divorce the courts shall have original jurisdiction over, *inter alia*, "[t]he determination and disposition of property rights and interests between spouses." He argues on appeal, however, that such jurisdiction extends only to property located in Pennsylvania because a Pennsylvania court cannot exercise *in rem* jurisdiction over real or personal property which is located outside the state. Husband contends that the basis of jurisdiction over property is the presence of that property within the territorial jurisdiction of the forum state and that a Pennsylvania court thus lacks jurisdiction over property located in Ohio because such property is not within the territorial jurisdiction of Pennsylvania.

■ While we agree with husband's assertion that a Pennsylvania court cannot exercise *in rem* jurisdiction over property outside Pennsylvania, *see Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), we find that when it ordered the parties to sell the Ohio property, the trial court was not exercising *in rem* jurisdiction over the property. Instead, we conclude that the court was ordering the parties, over whom it had personal jurisdiction, to sell the property and distribute the proceeds in a particular fashion.

A similar distinction between a court's *in rem* and *in personam* jurisdiction was highlighted by this court in *Whitmer v. Whitmer,* 243 Pa.Super. 462, 365 A.2d 1316 (1976). At issue in that case was the propriety of a Florida court's order awarding the appellant an undivided one-half interest in the assets of Edward H. Whitmer Co., located in Pennsylvania. We held that although the Florida court had personal jurisdiction over the parties, "it was beyond the jurisdiction of the Florida court to make a conveyance to appellant of a one-half interest in appellee's Pennsylvania property." *Id.* 365 A.2d at 1319. In so holding, however, we noted the difference between a court's exercise of *in rem* jurisdiction by effectuating a transfer of out-of-state property and the exercise of personal jurisdiction over the parties by ordering them to take some action with regard to such property. In that case, we commented as follows: "[h]aving personal jurisdiction over appellee, the Florida court might have ordered appellee to convey a one-half interest in his Pennsylvania property to appellant and, if necessary, enforce its order by contempt proceedings." *Id.*

■ Unlike the Florida court's order purporting to effectuate a conveyance of the property in *Whitmer,* the trial court's order in the present case does not itself act as a conveyance, but instead directs the *parties* to take certain action. It is clear, and husband does not contest, that the court had personal jurisdiction over both husband and wife. It also had the authority, under the Divorce Code, to determine their respective rights and interests in marital property. It is thus clear that the trial court had the power to order these parties to sell their marital vacation home, regardless of its location, and to direct them to divide the proceeds in any manner necessary to effectuate economic justice between them.

We conclude that the trial court did not err in ordering the parties to sell the Ohio property because we find that the court, in doing so, was exercising personal jurisdiction over the parties, rather than *in rem* jurisdiction over the property.

Order affirmed.