## Chimenti v. Hernandez

*Joseph J. Matika,* for plaintiff.
*Arthur F. Silverblatt,* for defendant.

NANOVIC, *P.J.,* June 24, 2009—In this divorce action the issue before us is whether the actions of a nonresident spouse imply consent or constitute a waiver to the exercise of this court's personal jurisdiction over her.

## PROCEDURAL AND FACTUAL BACKGROUND[1]

John F. Chimenti (Husband) and Sonia Y. Hernandez (Wife) were married on September 26, 1993, in the state of New York. They lived together in New York their entire married life until their separation in 2005. At that time, Husband left the marital home and moved to Pennsylvania where he established legal residence.

On December 31, 2007, Husband commenced a divorce action in this county. The original complaint, which was limited to a single claim for divorce pursuant to section 3301(d) of the Divorce Code, was served constructively on Wife by certified mail on or before January 10, 2008. An amended complaint, which included a new count for equitable distribution of the marital assets, was filed on April 3, 2008. This complaint was served by first-class mail on Wife's then New York counsel.

By order dated April 29, 2008, we scheduled a management conference to be held on June 19, 2008. Following this order, on June 18, 2008, Wife's present counsel entered his appearance on behalf of Wife and also requested that the management conference scheduled for June 19, 2008, be continued. The basis for this request was counsel's assertion that he had only recently entered his appearance on behalf of Wife and

---

1. The facts upon which we base our decision are not in dispute. At the time this matter was argued, the parties agreed that a hearing was not required and stipulated that the facts set forth by each in their respective filings and briefs could be relied upon by the court. Accordingly, the facts as stated herein are those gleaned from the parties' filings and briefs.

needed time in order to familiarize himself with the file. This continuance request was granted and the management conference was rescheduled for July 28, 2008.

On July 28, 2008, both parties appeared through counsel and advised the court that discovery was necessary and that they sought to serve interrogatories and a request for production of documents on one another within the next 30 days. This time frame was approved by the court and adopted in our order dated July 29, 2008.

In accordance with the parties' agreed discovery period, Wife served interrogatories on Husband on July 29, 2008, which were answered by Husband on August 15, 2008. Wife also submitted a request for production of documents to Husband on August 29, 2008, which was answered on October 1, 2008. Husband served his interrogatories and request for production of documents on Wife on July 31, 2008. Wife has not responded to this discovery.

On October 15, 2008, Wife filed preliminary objections to the amended complaint nunc pro tunc. In these objections, Wife challenges the jurisdiction of this court to entertain Husband's claim for equitable distribution. Prior to this filing, Wife did not file an answer to the complaint or otherwise object to the divorce proceedings. Husband has filed preliminary objections to Wife's preliminary objections contending Wife's objections are untimely and the issue waived. The aforesaid objections of the parties are now before us for resolution.

## DISCUSSION

To begin, Wife does not contest the jurisdiction of this court to adjudicate Husband's right to a divorce, nor

could she successfully. "Jurisdiction over a divorce is a function of the domicile of the individuals involved in the divorce." *Sinha v. Sinha,* 834 A.2d 600, 603 (Pa. Super. 2003), *appeal denied,* 577 Pa. 725, 847 A.2d 1288 (2004); see also, *Williams v. North Carolina,* 317 U.S. 287, 297-99 (1942). Here, it is not in dispute that Husband is domiciled in Pennsylvania and Wife in New York. Accordingly, both New York and Pennsylvania share jurisdiction for purposes of granting a divorce to the parties.[2]

Wife argues, however, that it does not necessarily follow from this court's jurisdiction to terminate the marriage that it also has jurisdiction to decide the rights of the parties in every other matter ancillary to divorce, such as alimony or, as in this case, the equitable distribution of marital assets. In *Estin v. Estin,* 334 U.S. 541, 548-49 (1948), the United States Supreme Court held that while jurisdiction may lie with respect to terminating a marriage, the court may not necessarily have jurisdiction over the economic claims relating to the marriage. In certain cases, predominately those where the spouses reside in different states, and the divorce action is commenced in one state and the marital assets are located in

---

2. Section 3104(a) of the Divorce Code delineates the scope of the Courts of Common Pleas' jurisdiction in this Commonwealth to hear and decide divorce matters, including the equitable distribution of marital assets if raised in the pleadings. 23 Pa.C.S. §3104(a). Section 3104(b) of the code further authorizes any spouse who has been a bona fide resident of this Commonwealth for at least six months to commence an action for divorce or annulment. 23 Pa.C.S. §3104(b). " 'Bona fide residence' means domicile; *i.e.,* actual residence coupled with the intention to remain there permanently or indefinitely." *Zinn v. Zinn,* 327 Pa. Super. 128, 130, 475 A.2d 132, 133 (1984).

another, in the absence of in personam jurisdiction, the court in which the action is commenced does not have jurisdiction "to decide any financial or property issues, because . . . matters in a divorce case are within the jurisdiction of the state where that property is located." *Cheng v. Cheng,* 347 Pa. Super. 515, 525, 500 A.2d 1175, 1180 (1985). In effect, two divorce actions in separate states are required: one involving the marital status of the parties, the other involving the economic or property aspects of the divorce. See generally, *Scoggins v. Scoggins,* 382 Pa. Super. 507, 555 A.2d 1314 (1989).

This concept known as a "divisible divorce" or "dual-state divorce" limits the jurisdiction of each state to those matters in which it has the dominant concern and in which its domiciliaries are principally interested. See *Stambaugh v. Stambaugh,* 458 Pa. 147, 155, 329 A.2d 483, 487-88 (1974); *Estin,* 334 U.S. at 549. To a large extent, the concept has been codified in sections 3104(d) and 3323(f) of the Divorce Code. 23 Pa.C.S. §§3104(d), 3323(f); see also, *Cheng,* 347 Pa. Super. 515, 500 A.2d 1175 (finding authority under former 23 Pa.C.S. §401(c), now section 3323(f), to grant economic relief to a spouse who appeared and participated in a foreign divorce proceeding where equitable considerations predominated in favor of such relief and the matter had not been decided in the foreign forum). Nevertheless, a court need not give full faith and credit to a foreign decree where the issuing court was without jurisdiction to adjudicate the matter in dispute. See *Stambaugh,* 458 Pa. at 153, 329 A.2d at 486; *Estin,* 334 U.S. at 549.

In this case, Wife contends that not only did the parties reside as husband and wife solely in New York but that

most, if not all, of the property that was accumulated by them prior to their separation is located in New York, including Wife's workman's compensation settlement, which is governed by New York law, and which is compensation for an injury that occurred while Wife worked in the state of New York. In effect, Wife claims that all of the "attributes of marriage were experienced in New York," and, therefore, New York is the only state that has jurisdiction over the economic claims related to this divorce action.

To the extent that an order of this court would purport to act directly on property located outside of this Commonwealth, Wife is absolutely correct that "a Pennsylvania court cannot exercise in rem jurisdiction over real or personal property which is located outside the state." *Russo v. Russo,* 714 A.2d 466, 466 (Pa. Super. 1998). This, however, begs the deeper question of our authority to entertain Husband's claim for equitable distribution since, if in personam jurisdiction exists, we have the power to divide marital assets and to direct the parties to act in accordance with such division. See *id.* at 467 (noting the difference between a Florida court's order adjudicating rights in Pennsylvania real estate, one awarding a Florida resident an undivided one-half interest in marital assets located in this state, and an order directing the parties to sell real estate located outside of the Commonwealth and to divide the proceeds from the sale); see also, *Kulko v. California,* 436 U.S. 84, 91-92 (1978).

In *Wagner v. Wagner,* our Supreme Court stated:

"The requirement of personal jurisdiction flows from the due process clause and restricts judicial power as a

matter of individual right. . . . A party may insist that the right be observed or he may waive it. . . . Personal jurisdiction, like other individual rights, is often the subject of procedural rules. . . . Frequently, when the rules that govern personal jurisdiction are not followed, the right is lost. . . . Thus, the failure to file a timely objection to personal jurisdiction constitutes, under the Federal Rules of Civil Procedure and comparable state rules, a waiver of the objection." 564 Pa. 448, 461, 768 A.2d 1112, 1119 (2001). (citations omitted)

Similarly, "under the Pennsylvania Rules of Civil Procedure, an objection to personal jurisdiction may be waived, if preliminary objections to a complaint raising the issue are not filed within 20 days after service." *Id.* (citing Pa.R.C.P. 1026, 1028, 1032(a)).

In this case, Wife contends that she is not subject to Pennsylvania's long-arm statute, 42 Pa.C.S. §5322, and has insufficient minimum contacts with this state to constitutionally subject her to in personam jurisdiction. Husband argues that Wife has waived and impliedly consented to the exercise of personal jurisdiction by this court in these proceedings. Specifically, Husband notes Wife's acceptance of service of the complaint by signing the certified mail receipt; the entry of appearance by Wife's counsel without qualification; the presence and participation of Wife's counsel at a management conference in which counsel agreed to exchange discovery between the parties; the participation in discovery by Wife's counsel, including the submission of interrogatories and request for production of documents addressed to Husband and Husband's answering of this discovery; and the late filing by Wife of any objections to Husband's

claim for equitable distribution until more than six months after the amended complaint containing the objected to claim for equitable distribution was filed.

In Pennsylvania, courts are permitted to exercise personal jurisdiction over nonresident defendants "to the fullest extent allowed under the Constitution of the United States and [such jurisdiction] may be based upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States." *Efford v. Jockey Club,* 796 A.2d 370, 373 (Pa. Super. 2002) (citing 42 Pa.C.S. §5322(b)). "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Still, "[q]uestions of personal jurisdiction, venue and notice, which relate to the method by which a court having the power to adjudicate the matter first obtained superintendence of the cause of action must be raised at the first reasonable opportunity or they are waived." *Schwarz v. Schwarz,* 252 Pa. Super. 95, 99, 380 A.2d 1299, 1301 (1977). (quotation marks and ellipsis omitted) "But, we must also bear in mind that procedural rules are not ends in themselves, and that above and beyond everything else they are to be construed in a manner to the end that justice may be administered." *Yentzer v. Taylor Wine Co.,* 409 Pa. 338, 342, 186 A.2d 396, 398 (1962).

Before personal jurisdiction over a party can be exercised, it must exist, and before it exists, it must be ob-

tained by consent, waiver, or proper service of process. See *Cox v. Hott,* 246 Pa. Super. 445, 450, 371 A.2d 921, 923 (1977). When a nonresident is involved, the propriety of such an exercise must also be tested against Pennsylvania's long-arm statute and the due process clause of the Fourteenth Amendment. See *Efford,* 796 A.2d at 373. Additionally, objections to personal jurisdiction must be made by preliminary objection (Pa.R.C.P. 1028(a)(1)), must be filed within 20 days if the complaint contains a notice to defend (Pa.R.C.P. 1026(a)), and are deemed waived if not timely filed, except for certain enumerated exceptions not applicable here (Pa.R.C.P. 1032(a)). Wife's preliminary objections in this case were filed more than six months after the amended complaint was filed and are clearly late. "A party who fails to raise a question of the court's in personam jurisdiction by timely preliminary objections waives that claim." *Cox,* 246 Pa. Super. at 449, 371 A.2d at 923.

A written appearance by itself neither confers jurisdiction nor waives the right of a nonresident defendant to question the court's jurisdiction over his person. See *Hoeke v. Mercy Hospital of Pittsburgh,* 254 Pa. Super. 520, 526, 386 A.2d 71, 74 (1978) (citing Pa.R.C.P. 1012). "[T]o find a waiver of in personam jurisdiction the courts ordinarily have looked for 'some other and further action *on the merits*' beyond the mere filing of an appearance by the party seeking not to be bound." *Id.* (emphasis in original) A defendant manifests the intent to submit to the court's jurisdiction when the defendant takes "some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the [court's jurisdiction]." *Cathcart*

*v. Keene Industrial Insulation,* 324 Pa. Super. 123, 135, 471 A.2d 493, 499 (1984), *abrogated on other grounds, Cleveland v. Johns-Manville Corp.,* 547 Pa. 402, 690 A.2d 1146 (1997).

Here, after Wife's counsel entered his appearance, he proceeded to litigate the action. By requesting and taking substantive discovery, unrelated to contesting in personam jurisdiction, Wife both submitted to, and purposely availed herself of, the jurisdiction of this court to litigate the underlying merits of the controversy. See *Ball v. Barber,* 423 Pa. Super. 358, 361-62, 621 A.2d 156, 158 (1993).

## CONCLUSION

It is not disputed that the requirements of procedural due process have been met and that Husband's domicile in this state serves as the foundation for a decree of divorce. By affirmatively appearing through counsel, without qualification, and by actively participating in a divorce proceeding and using the resources of this court, without any objection to jurisdiction having been timely filed, Wife has accepted and is bound to the exercise of personal jurisdiction by this court over the parties and the issues in dispute. Accordingly, Wife's preliminary objections will be dismissed, and those of Husband dismissed as moot.[3]

---

3. At the time of argument, Wife advised that under New York law her workman's compensation settlement is not a marital asset but that it is under Pennsylvania law. In deciding we have personal jurisdiction over the parties, we do not decide and have not determined whether under a conflict of laws interest analysis New York or Pennsylvania law should govern what is a marital asset.