J-S82033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| VFC PARTNERS 8, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HASSAN HADJ MOHAMMADI, TANNAZ HADJ MOHAMMADI AND SANAZ HADJ MOHAMMADI, | |
| Appellants | No. 738 MDA 2016 |

Appeal from the Judgment Entered April 25, 2016
in the Court of Common Pleas of Huntingdon County
Civil Division at No.: 2011-1151

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 09, 2016**

Appellants, Hassan Hadj Mohammadi, Tannaz Hadj Mohammadi, and Sanaz Hadj Mohammadi, appeal from the judgment entered against them and in favor of Appellee, VFC Partners 8, LLC, after a trial on the damages portion of this mortgage foreclosure action.  We affirm.

The trial court aptly set forth the facts of this case in its July 5, 2016 opinion as follows.

> This action in mortgage foreclosure was filed on June 22, 2011.  **See** [Pa.R.C.P.] 1141[-1150].  [Appellee] is the assignee of a mortgage dated November 1, 2006 executed by [Appellant Hassan] in favor of Branch Banking and Trust Company of Virginia (hereafter BB & T) in the amount of $1,000,000.00.  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

mortgage encumbers real estate located in Huntingdon and Fulton Counties, and was recorded November 3, 2006 in Huntingdon County Record Book 828, Page 948 and in Fulton County Record Book 469, Page 948. The assignment of this mortgage to [Appellee] was recorded in Huntingdon County on March 7, 2011. On September 3, 2010, [Appellant Hassan] conveyed the real estate encumbered by the mortgage to his daughters Tannaz Hadj Mohammadi and Sanaz Hadj Mohammadi (hereafter [Appellant] Terre-Tenants). The conveyance was without consideration.

The background for the mortgage is not complex. [Appellee's] predecessor and assignor BB & T loaned Watchwood, LLC (hereafter Watchwood) the sum of $5,650,000.00 on November 1, 2006. As a concomitant part of the loan transaction, [Appellant Hassan] executed a promissory note pledging $1,000,000.00 toward repayment of the loan. Also, [Appellant Hassan] executed a Guaranty Agreement limited to $1,000,000.00 plus accrued interest, late fees, and costs of collection (including attorney's fees). In that agreement, [Appellant Hassan] granted a security interest and lien on the real estate located in Huntingdon and Fulton counties. Watchwood was owned by [his] brother.

Watchwood defaulted on the loan and subsequently sought relief in the United States Bankruptcy Court for the District of Maryland on August 10, 2009. In the bankruptcy proceeding, Watchwood indicated that $5,452,977.35 was owed to BB & T on account of the 2006 loan.

After discovery was completed in this action, [Appellee] moved for partial summary judgment on the issue of liability. On September 22, 2015, the motion was granted. Th[e trial c]ourt found that [Appellant Hassan] was liable under the guarantee agreement and mortgage. In addition, th[e c]ourt found that the interests of [Appellant] Terre-Tenants [were] subject to the lien of the mortgage.

The issue of damages was tried to the [c]ourt on October 7, 2015. The verdict of the [c]ourt was entered February 29, 2016 and awarded damages in the amount of $1,269,400[.00] plus attorney's fees, costs, and additional interest from the date of trial to the date of judgment. . . . No motion for Post-Trial Relief pursuant to Pa.R.C.P. 227.1 was filed; however,

- 2 -

[Appellants] did file within ten days of the verdict a "Motion to Alter Verdict, Find in Favor of [Appellants] for Lack of Jurisdiction on the Alleged Debt, and for a Written Opinion." . . . In this motion, in six paragraphs, [Appellants] challenged the jurisdiction of th[e trial c]ourt on the basis that the underlying debt instruments vested exclusive jurisdiction in the Commonwealth of Virginia. [On April 21, 2016, the trial court denied the motion. It entered judgment on the verdict on April 25, 2016. Appellants timely appealed.[1]]

(Trial Court Opinion, 7/05/16, at 1-2).

Appellants raise one issue for this Court's review: "Did the trial court err when it exercised jurisdiction over debt instruments which by their terms vest[] jurisdiction in the [s]tate of Virginia?" (Appellants' Brief, at 2). Notably, Appellants do not argue that the trial court improperly determined the amount of the judgment, only that, because the promissory note and guaranty agreement vest Virginia with exclusive jurisdiction, the trial court did not have jurisdiction to consider this mortgage foreclosure action. (*See id.* at 8-13). Appellant's issue lacks merit.

"Because the question of whether a court has subject matter jurisdiction is a question of law, our standard of review is *de novo* and the scope of our review is plenary." *Bastian v. Sullivan*, 117 A.3d 338, 342-43 (Pa. Super. 2015) (citation omitted).

_____

[1] Appellants filed a timely statement of errors complained of on appeal on May 24, 2016. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on July 5, 2016. *See* Pa.R.A.P. 1925(a).

"It is well-established that an action in mortgage foreclosure is strictly *in rem*[.]" ***Rearick v. Elderton State Bank***, 97 A.3d 374, 383 (Pa. Super. 2014) (citations omitted). It has long been recognized that "[t]he basis of jurisdiction over property is the presence of the subject property within the territorial jurisdiction of the forum state[.]" ***Whitmer v. Whitmer***, 365 A.2d 1316, 1319 (Pa. Super. 1976), *cert. denied*, 434 U.S. 822 (1977) (citations omitted). "[P]arties to an action cannot . . . confer jurisdiction upon a court for which jurisdiction would otherwise be lacking." ***Coleman v. Coleman***, 522 A.2d 1115, 1117-118 (Pa. Super. 1987) (citations omitted).

This case involves a mortgage foreclosure action, which is an *in rem* proceeding. ***See Rearick***, ***supra*** at 383. The property encumbered by the lien of the mortgage is in Huntingdon County, Pennsylvania. Therefore, the trial court, which is located in Huntingdon County, Pennsylvania, has jurisdiction over this case. ***See Whitmer***, ***supra*** at 1319. Regardless of the language contained in the note and mortgage, the parties could not confer jurisdiction on Virginia where it does not properly exist. ***See Coleman***, ***supra*** at 1117-118***.*** Hence, the trial court properly found that "[t]he provisions of the loan documents regarding venue and jurisdiction cannot and do not deprive [it] of jurisdiction." (Trial Ct. Op., at 3).[2]

_____

[2] Appellants' argument that the trial court might have had jurisdiction over the property, but not "over the debt instruments which formed the basis for the underlying judgment[,]" (Appellants' Brief, at 9), is specious at best. *(Footnote Continued Next Page)*

- 4 -

We also observe that the cases cited by Appellants in support of their argument, that parties can agree to jurisdiction in a forum other than the one in which the property is situated, are not legally persuasive. (*See* Appellants' Brief, at 10-11). For example, ***Nat'l. Equip. Rental Ltd. v. Szukhent***, 375 U.S. 311 (1964), involved "whether a party to a private contract may appoint an agent to receive service of process within the meaning of Federal Rule of Civil Procedure 4(d)(1), where the agent is not personally known to the party, and where the agent has not expressly undertaken to transmit notice to the party." ***Nat'l. Equip. Rental Ltd.***, ***supra*** at 316. This is inapposite to the issue presented here.

In ***Continental Bank v. Brodsky***, 311 A.2d 676 (Pa. Super. 1973), which involved a contract dispute, this Court considered "whether *in personam* jurisdiction may be obtained by the Pennsylvania courts over a California resident who, in the contract, had agreed to such jurisdiction and to service of process on an agent in the event of suit." ***Continental Bank***, ***supra*** at 676-77. This too is not pertinent to our review.

Finally, ***Central Contracting Co. v. C.E. Youngdahl & Co.***, 209 A.2d 810 (Pa. 1965), an action in *assumpsit*, directly contradicts Appellants' position when it observes, "private parties cannot change by contract the

_(Footnote Continued)_ ─────────────

Appellants provide absolutely no pertinent authority to support this claim, and we are not aware of any. **See** Pa.R.A.P. 2119(a)-(b). This claim lacks merit.

rules of jurisdiction or venue embodied in the various laws of this Commonwealth. Jurisdiction over the party or the subject matter or venue of the cause is not a thing to be determined by private bargaining." ***Central Contracting Co.***, ***supra*** at 816. We acknowledge that, in contradiction of this principle, the Court then stated "a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." ***Id.*** (citations omitted). However, that case is not pertinent because it involved an action in *assumpsit*, **not** mortgage foreclosure. Moreover, our research reveals that, in the fifty-one years since its pronouncement, ***Central Contracting Co.*** has never been extended to override the long-standing principle that, in an *in rem* action, regardless of the parties' attempt to bargain otherwise, jurisdiction lies in the forum in which the property is situated. ***See Whitmer***, ***supra*** at 1319. Appellants' claim lacks merit.[3]

---

[3] Appellants also argue that "the mere holding of the note does not establish jurisdiction thereover" and "the expectation that the same outcome would result in a Virginia court does not confer jurisdiction." (Appellants' Brief, at 11, 12) (unnecessary capitalization omitted). Because we decided this issue on the basis that the subject property is in Huntingdon County, consideration of Appellants' two other arguments are not necessary for our disposition of this matter, and we decline to address them.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016